## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

YARDLENE TABORA,

      Plaintiff,                       Case No.:

v.

GC REALTY ADVISORS, LLC,
a Florida Limited Liability Company,

                                      Date: May, 2012

      Defendant.

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

      Plaintiff, YARDLENE TABORA, files this Complaint against Defendant, GC REALTY ADVISORS, LLC, and in support thereof states the following:

### INTRODUCTION

**1.**     This overtime compensation action is brought by Plaintiff, YARDLENE TABORA, to enforce her rights under the Fair Labor Standards Act, 29 U.S.C. § 213 ("FLSA").

### JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1337 and 29 U.S.C. § 216(b)because this action involves a federal question under the Fair Labor Standards Act.

3.     This Court has personal jurisdiction over this action because the Defendant is engaged in business within the State of Florida and the actions complained of occurred in Florida.

4.     Venue is appropriate here in the West Palm Beach Division of the Southern District of Florida pursuant to 28 U.S.C. 1391(b) because the acts complained of occurred in Boca Raton, Florida, as they took place at the Defendant's place of

Feldman, Fox & Morgado | 100 N. Biscayne Blvd. | Suite 2902 | Miami | Florida | 33132 | PH 305-222-7850

business, the office of GC Realty Advisors, which is located at 2255Glades Road, Suite 324A, Boca Raton, Florida 33431.

## THE PARTIES

5.      At all times relevant to this action, Plaintiff, YARDLENE TABORA, resided in Aventura, Miami-Dade County, Florida.

6.      At all times relevant to this action, Plaintiff was employed by the Defendant.

7.      At all times relevant to this action, Plaintiff was an employee of the Defendantwithin the meaning of 29 U.S.C. § 203(e)(1).

8.      Defendant, GC REALTY ADVISORS, LLC (hereinafter "GC"), is a Florida Limited Liability Company organized and existing under the laws of Florida, with its principal place of business located at 2255 Glades Road, Suite 324A, Boca Raton, Florida 33431.  Its registered agent for service in Florida is E. H. G. Resident Agents, Inc., whose address is 1141 South Roger Circle, suite 12, Boca Raton, Florida 33487.

9.      At all relevant times, the unlawful conduct against the Plaintiff described in eachand all of the foregoing paragraphs were actuated, in whole or in part, by a purpose to serve the Defendant.

10.     The Defendant qualifies for and is subject to enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint.

11.     The Defendant is subject to the FLSA.

12.     The FLSA defines "employer" as any "person" acting directly or indirectly in the interest of an employer in relation to an employee. 29 USC Sec. 203(d). See also (thedefinition of "employer" under the Fair Labor Standards Act (FLSA) is not limited by thecommon law concept of "employer," but is to be given an expansive interpretation

Feldman, Fox & Morgado | 100 N. Biscayne Blvd. | Suite 2902 | Miami | Florida | 33132 | PH 305-222-7850

inorder to effectuate the FLSA's broad remedial purposes). *Boucher v. Shaw*, 572 F.3d1087, 1090 (9th Cir. Nev. 2009).

13.    At all relevant times the Defendant was an employer within the meaning of the FLSA.

14.    The Plaintiff was employed by the Defendant from February 17th, 2012 through April 9th, 2012 and worked at the GC Realty Advisors office, located in Boca Raton, Florida.

## OVERTIME WAGE ALLEGATIONS

15.    The Plaintiff had the job title of "Paralegal/Executive Administrative Assistant" and was not compensated for hours worked in excess of 40 hours per week.

16.    The Plaintiff was forced to work overtime hours every week and was not paid overtime for hours worked in excess of 40 in any given work week.

17.    FLSA provides that, with certain exceptions, employers must pay employees overtime of at least one and one-half times their regular rate of pay for any hours over forty worked in a week. 29 U.S.C. S 207(a)(1).

18.    Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

19.    As such, the Plaintiff is not exempt from the requirements of overtime, minimum wage, or the FLSA.

20.    Unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for work in excess of forty (40) hours per week.

21.    Ms. Tabora was only paid for a forty (40) hour work week when in actuality she routinely worked sixty (60) hour weeks. Plaintiff was prohibited from claiming these overtime hours and was not compensated for her overtime hours.

Feldman, Fox & Morgado | 100 N. Biscayne Blvd. | Suite 2902 | Miami | Florida | 33132 | PH 305-222-7850

22.     All employers subject to the Fair Labor Standards Act must maintain and preserve certain records describing the wages, hours and working conditions of their employees.

23.     Failure to comply with the recordkeeping requirements is a violation of the FLSA for which criminal or civil sanctions may be imposed, whether or not other statutory violations exist. See 29 U.S.C. § 215(a)(5). See Dunlop v. Gray-Goto, Inc., 528 F.2d 792 (10th Cir. 1976).

24.     Accurate records are not only required for regulatory purposes, they are critical to an employer's defense of claims that it violated the Act. An employer that fails to maintain the required records cannot avoid liability in a wage-hour case through argument that there is insufficient evidence of the claimed hours worked. See Wirtz v. First State Abstract Ins. Co., 362 F.2d 83 (8th Cir. 1966); Boekemeier v. Fourth Universalist Soc'y, 86 F. Supp. 2d 280 (S.D.N.Y. 2000). An employer's failure to maintain records may create a presumption in the aggrieved employee's favor. See Myers v. The Copper Cellar Corp., 192 F.3d 546, 551

25.     Evidence reflecting the precise number of overtime hours worked by Plaintiff, as well as the applicable compensation rates, is in the possession of Defendant.  If these records are unavailable, Plaintiff may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

26.     Plaintiff alleges that Defendant's failure to pay overtime was knowing and willful. Accordingly, Plaintiff is entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid, liquidated damages and attorneys' fees under the FLSA's three year statute of limitations.

Feldman, Fox & Morgado | 100 N. Biscayne Blvd. | Suite 2902 | Miami | Florida | 33132 | PH 305-222-7850

27.    Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

**COUNT I**
**OVERTIME DUE UNDER THE FLSA**

28.    Plaintiff readopts and realleges paragraphs one (1) through twenty-seven (27) as if fully set forth herein verbatim.

29.    At all relevant times, the Defendant employed Plaintiff within the meaning of the FLSA.

30.    As stated herein, Plaintiff was entitled to overtime compensation from Defendant of one and one-half times her regular rate of pay for hours she worked beyond forty per week for Defendant.

31.    Defendant's failure to pay Plaintiff overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the forty (40) hour workweek, is a violation of the FLSA, in particular 29 U.S.C. § 207.

32.    Due to Defendant's FLSA violations, Plaintiff has suffered damages and is entitled to recover from Defendant the unpaid overtime compensation, and an additionalamount equal as liquidated damages, prejudgment interest, reasonable attorneys' fees,and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

**PRAYER FOR RELIEF**

33.    WHEREFORE Plaintiff prays for:

a.    An order awarding attorneys' fees and costs pursuant to § 216 of the FLSA.

Feldman, Fox & Morgado | 100 N. Biscayne Blvd. | Suite 2902 | Miami | Florida | 33132 | PH 305-222-7850

b.  That the Court finds the Defendant in violation of the overtime compensationprovisions of the FLSA and that the Court finds that Defendant's violation ofthe FLSA was and is willful.

c.  That the Court award Plaintiff overtime compensation for all the previoushours worked over forty (40) hours in the last three years that she did notreceive at least one and one-half time compensation for, in any given workweek, AND liquidated damages of an equal amount; in addition attorneys'fees and costs under § 216 of the FLSA.

d.  That the Court award any other legal and equitable relief as this Court maydeem appropriate.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Filed this16th day of May, 2012.

Respectfully submitted:

*Dale J. Morgado*

Dale J. Morgado, Esquire
Feldman, Fox & Morgado, P.A.
FBN:  0064015
Email:  dmorgado@ffmlawgroup.com
R. Edward Rosenberg, Esquire
FBN:  0088231
Email: erosenberg@ffmlawgroup.com
100 North Biscayne Boulevard, Suite 2902
Miami, Florida 33132
305-222-7850 Telephone
305-384-4676 Facsimile