UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80526-CIV-MARRA

YARDLENE TABORA,

Plaintiff,

vs.

GC REALTY ADVISORS, LLC, a Florida
limited liability company, DAVID GOLDWASSER,
individually,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendants' Motion to Dismiss Plaintiff's Amended Complaint, or in the Alternative, for a More Definite Statement (DE 14). Plaintiff filed her response. (DE 20). No reply memorandum was filed. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I.  Background

Plaintiff Yardlene Tabora ("Plaintiff") filed a one-count Amended Complaint for overtime allegedly due under the Fair Labor Standards Act, 29 U.S.C. § 213 ("FLSA")[1] against Defendants GC Realty Advisors, LLC ("GC") and David Goldwasser ("Goldwasser") (collectively, "Defendants"). (Am. Compl., DE 1.)  According to the Amended Complaint, Plaintiff was an employee of Defendants, and Goldwasser and GC were Plaintiff's joint employers. (Id. at. ¶ ¶ 7, 11.)  GC is subject to enterprise coverage under the FLSA. (Id. at 12.)

---

[1] The introductory paragraph of the Amended Complaint states that Plaintiff brings a claim pursuant to 42 U.S.C. § 1981; however, the Amended Complaint only asserts a claim under the FLSA. (Am. Compl. ¶ 1.)

Goldwasser is an employee, owner and officer in charge of GC. (Id. at ¶ 9.) He instructed Plaintiff on a day-to-day basis, including how to perform her job. (Id. at ¶¶ 9-10.) Goldwasser was also the only other employee. (Id. at ¶ 10.) Defendants shared Plaintiff's services, determined her rate of pay, supervised her, controlled the conditions of her employment and had the power to hire and fire her. (Id. at ¶ 11.)

Plaintiff was employed as a "paralegal/executive administrative assistant" by Defendants from February 17, 2012 through April 9, 2012, primarily at the GC office, although she would occasionally work from home. (Id. at ¶¶ 15-16.) Plaintiff's duties included: performing research, setting up meetings, filing, taking and transcribing notes from meetings, setting up conferences and conference rooms for clients, making sure coffee was available for Defendants' clients, making travel arrangements for Goldwasser, calendaring events, organizing and putting packages of information together concerning companies Defendants were advising, and helping to raise capital for or counseling on merger and acquisition deals. (Id. at ¶ 17.)

Defendants required Plaintiff to work overtime every week and did not pay her overtime for hours worked in excess of 40 in any given work week. She worked, on average, 60 hours per week. (Id. at ¶ 19.) She was "generally paid" $750.00 per week for 40 hours of work, which was often paid late, and she was prohibited from claiming overtime hours and overtime pay. (Id. at ¶¶ 20, 25.) Defendants' failure to pay overtime was knowing and willful. (Id. at ¶ 33.) Despite the fact that Defendants classified Plaintiff as an exempt employee, she was not exempt from the requirements of overtime pay. (Id. at ¶¶ 23-24, 26.) Plaintiff did not manage employees, nor did she have authority to hire or fire employees. (Id. at ¶ 27.)

Defendants move to dismiss the Amended Complaint, claiming it is conclusory in that it

2

fails to allege adequately that: (1) Plaintiff was a non-exempt employee; (2) Defendants met the annual gross business volume to be covered under FLSA and (3) Defendant was an "employer" under the FLSA.[2]

II. Legal Standard

With respect to the motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court observes first that Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a

---

[2] There appears to be a scrivener's error because the motion states the Amended Complaint is devoid of actual allegations that "Tabora is an employer under the FLSA." Read in the context of the legal arguments raised, it appears that Defendant is challenging whether Goldwasser is an employer under the FLSA.

plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III. Discussion

The overtime provisions of the FLSA cover enterprises engaged in commerce or in the production of goods for commerce, as well as employees who themselves are either engaged in commerce or in the production of goods for commerce.  See 29 U.S.C. § 207(a)(1).  For individual coverage to apply under the FLSA, Plaintiff must be able to show that she was (1) engaged in commerce or (2) engaged in the production of goods for commerce.  For example, at trial, Plaintiff will be required to demonstrate that she "directly participate[d] in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, . . . or (ii) by regularly using the instrumentalities of interstate commerce in [her] work. . . ." Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006). For enterprise coverage to apply, the enterprise must be engaged in commerce and its gross sales must exceed $500,000 annually. See 29 U.S.C. §§ 207(a)(1); 203(s)(1)(A).

Here, the Amended Complaint alleges that GC "qualifies for and is subject to enterprise coverage under the FLSA." (Am. Compl. ¶ 13.)  Defendants argue in their motion to dismiss that the Amended Complaint is devoid of any factual allegations to support Plaintiff's legal conclusion that GC is an enterprise engaged in commerce. The Court agrees.  There are no

allegations as to whether GC's annual gross business volume meets the statutory threshold.[3] Such a bare-bones complaint runs afoul of Twombly and Iqbal.

The Court will now turn to the argument whether Defendants were Plaintiff's employer. The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." See 29 U.S.C. § 203(d). Additionally, the Eleventh Circuit has held that a "corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA" as long as that corporate officer is "involved in the day-to-day operation or ha[s] some direct responsibility for the supervision of the employee." Alvarez Perez v. Sanflord-Orlando Kennel Club, Inc., 515 F.3d 1150, 1160 (11th Cir. 2008) (internal quotation marks omitted). In deciding whether a party is an employer, "economic reality" controls rather than common law concepts of agency. Goldberg v. Whitaker House Cooperative, 366 U.S. 28, 33 (1961). Here, Plaintiff has provided more than conclusory allegations. For example, the Amended Complaint states that Goldwasser instructed Plaintiff on a day-to-day basis and was the only other employee. (Am. Compl. ¶¶ 9-10.) Furthermore, the Amended Complaint alleges that Defendants operated as joint employers because Plaintiff's work benefitted both Defendants and her services were shared between the Defendants. In addition, Defendants had the power to hire and fire her, determine her rate of pay, supervise her and controlled the conditions of her employment (Id. at ¶ 11). See Layton v. DHL Exp. (USA), Inc., — F.3d —, 2012 WL 2687961, at * 5 (11th Cir. July 9, 2012) (explaining factors to be applied in establishing joint employment status); Antenor v. D & S Farms, 88 F.3d

---

[3] In response, Plaintiff states that there is also individual coverage under the FLSA. (Resp. at 8.) However, this fact is not pled in the Amended Complaint. Plaintiff may amend to allege this fact.

925, 929 (11th Cir.1996) (same); Aimable v. Long and Scott Farms, 20 F.3d 434, 439 (11th Cir.1994) (same).

Likewise, the Amended Complaint adequately alleges Plaintiff was a non-exempt employee. The Amended Complaint alleges Plaintiff's job duties (Am. Compl. ¶ 17) as well as stating that Plaintiff had no management responsibilities and could not hire or fire employees (Am. Compl. ¶ 27). See 29 U.S.C. § 213(a)(1) (FLSA exempts employees who occupy "bona fide executive, administrative, or professional" positions from the overtime requirements.); cf. Maya v. Master Restaurant Developer, LLC, No. 09–23408–CIV, 2011 WL 1336468, at *2 (S.D. Fla. Mar. 24, 2011) (a managerial position is generally exempt from the overtime provision of the FLSA (citing Jones v. Virginia Oil Co., 69 F. App'x 633, 636 (4th Cir. 2003)). By alleging these facts, Plaintiff has provided a factual basis to support her legal conclusion that she was a non-exempt employee.

In sum, the Court recognizes that Plaintiff must provide factual underpinnings for the legal conclusions in the Amended Complaint. At the same time, the Court acknowledges that "[u]nlike the complex antitrust scheme at issue in Twombly that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." Labor v. Labbe, 319 Fed. App'x 761, 763 (11th Cir. Nov.4, 2008). With this in mind, the Court will grant Plaintiff leave to amend the Complaint, consistent with this Order, if she can do so in good faith and consistent with Rule 11 of the Federal Rules of Civil Procedure.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint, or in the Alternative, for a More Definite Statement (DE 14) is **GRANTED IN PART AND DENIED IN PART**. The motion is granted to the extent Plaintiff is seeking to hold GC liable based on enterprise coverage and individual coverage. Plaintiff may amend the Complaint **within 14 days of the date of entry of this Order** if she so desires. Otherwise the case will proceed only on the properly pled claims in the Amended Complaint .

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of August, 2012.

_____
KENNETH A. MARRA
United States District Judge